**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

OCT 17 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| 1492828 ONTARIO INC., d/b/a FIRST CAPITAL CONSUMERS GROUP, US GUARDIAN UNITED CONSUMERS, TRANS AMERICA UNITED BENEFITS GROUP, TRANSGLOBAL NATIONAL CONSUMERS GROUP, and FIRST GUARDIAN NATIONAL BENEFITS, | ) |
| DAVID DALGLISH, | ) |
| LESLIE ANDERSON, | ) |
| LLOYD PRUDENZA, and | ) |
| MARK LENNOX, | ) |
| Defendants. | ) |

DOCKETED
NOV -  2002

02 c 7456
Judge Ronald Guzman
Magistrate Judge Nolan

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), for its complaint alleges as follows:

The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101, *et seq.,* to secure temporary, preliminary and permanent injunctive relief, restitution, rescission or reformation of contracts, disgorgement, and other equitable relief for defendants' deceptive acts or practices in violation of



Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

2.     Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b) and 6103(e) and 28 U.S.C. § 1391(b), (c), and (d).

## PLAINTIFF

3.     Plaintiff, the FTC, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58, as amended. The Commission is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces the Telemarketing Sales Rule, 16 C.F.R. Part 310, which prohibits deceptive or abusive telemarketing acts or practices. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the Telemarketing Sales Rule, and to secure such equitable relief as may be appropriate in each case, including restitution for injured consumers. 15 U.S.C. §§ 53(b), 57b, 6102(c), and 6105(b).

## DEFENDANTS

4.     Defendant 1492828 Ontario Inc., d/b/a First Capital Consumers Group, US Guardian United Consumers, Trans America United Benefits Group, Transglobal National Consumers Group, and First Guardian National Benefits ("First Capital"), is an Ontario corporation with its offices and principal place of business located at 1992 Yonge St., Suite 201,

2

Toronto, Ontario M4S 1Z8. First Capital transacts or has transacted business in the Northern District of Illinois and throughout the United States.

5.     Defendant David Dalglish is an owner and director of First Capital. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of First Capital, including the acts and practices set forth in this Complaint. David Dalglish transacts or has transacted business in the Northern District of Illinois and throughout the United States.

6.     Defendant Leslie Anderson is an owner and director of First Capital. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of First Capital, including the acts and practices set forth in this Complaint. Leslie Anderson transacts or has transacted business in the Northern District of Illinois and throughout the United States.

7.     Defendant Lloyd Prudenza is a principal of First Capital. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of First Capital, including the acts and practices set forth in this Complaint. Lloyd Prudenza transacts or has transacted business in the Northern District of Illinois and throughout the United States.

8.     Defendant Mark Lennox is a principal of First Capital. At all times relevant to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices of First Capital, including the acts and practices set forth in this Complaint. Mark Lenox transacts or has transacted business in the Northern District of Illinois and throughout the United States.

3

## COMMERCE

9.     At all times relevant to this complaint, defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' COURSE OF CONDUCT

10.     Since at least September 2001, and continuing thereafter, defendants have made unsolicited outbound telephone calls to consumers throughout the United States and falsely offered to provide pre-approved credit cards to those consumers who agreed to permit defendants to debit their bank accounts for an advance fee ranging from $189.00 to $219.00.  Defendants' telemarketers tell consumers that the defendants are offering pre-approved MasterCard or Visa credit cards with low interest rates, credit limits of $2,000 or $2,500, and no annual fees. Defendants have targeted consumers with no credit or bad credit for their credit card offer.

11.     During the telephone calls to consumers, defendants request bank account information, including bank routing information.

12.     Defendants routinely debit the bank accounts of consumers, who have provided bank account information and agreed to pay fees with bank account debits, in advance of providing those consumers with the MasterCard or Visa credit cards promised during the telephone calls.

13.     Instead of providing consumers with MasterCard or Visa credit cards, Defendants sometimes provide consumers with packets of materials containing information about obtaining credit, cellular telephones, magazines, automobile loans, legal services, discount prescription

programs, free vacations, and occasionally, coupons relating to travel, entertainment and miscellaneous products and services.

14.     Defendants occasionally provide consumers with cards, described as "stored value cards" that can only be used if the consumer deposits in an account sufficient sums of money to pay for purchases made with the card.

15.     Defendants do not provide consumers with, or arrange for consumers to receive, credit cards or other extensions of credit. Furthermore, defendants are not authorized by MasterCard or Visa to issue or market MasterCard or Visa credit cards to the public, or even to use MasterCard or Visa trademarks in their promotions.

## VIOLATIONS OF THE FEDERAL TRADE COMMISSION ACT

16.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce. Misrepresentations or omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## COUNT I

17.     In numerous instances, in connection with the marketing of advance fee credit cards, defendants or their employees or agents have represented, directly or by implication, that after paying defendants a fee, consumers will, or are highly likely to, receive an unsecured major credit card, such as a MasterCard or Visa credit card.

18.     In truth and in fact, in numerous instances, after paying defendants a fee, consumers do not receive an unsecured major credit card, such as a MasterCard or Visa credit card.

5

19.     Therefore, the representation set forth in Paragraph 17 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE TELEMARKETING SALES RULE

20.     The Commission promulgated the Telemarketing Sales Rule pursuant to Section 6102(a) of the Telemarketing Act, 15 U.S.C. § 6102(a). The Rule became effective on December 31, 1995.

21.     The FTC Telemarketing Sales Rule prohibits telemarketers and sellers from misrepresenting any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer. 16 C.F.R. § 310.3(a)(2)(iii).

22.     The Telemarketing Sales Rule also prohibits telemarketers and sellers from, among other things, requesting or receiving payment of any fee or consideration in advance of obtaining or arranging a loan or other extension of credit when the seller or telemarketer has guaranteed or represented a high likelihood of success in obtaining or arranging a loan or other extension of credit. 16 C.F.R. § 310.4(a)(4).

23.     Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), violations of the Telemarketing Sales Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

24.     Defendants are "sellers" or "telemarketers" engaged in "telemarketing," as those terms are defined in the FTC Telemarketing Sales Rule. 16 C.F.R. §§ 310.2(r), (t) & (u).

6

## VIOLATIONS OF THE TELEMARKETING SALES RULE

## COUNT II

25.     In numerous instances, in connection with the telemarketing of advance fee credit cards, defendants or their employees or agents have misrepresented, directly or by implication, that after paying defendants a fee, consumers will, or are highly likely to, receive an unsecured major credit card, such as a MasterCard or Visa credit card.

26.     Defendants have thereby violated Section 310.3(a)(2)(iii) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2)(iii).

## COUNT III

27.     In numerous instances, in connection with the telemarketing of advance fee credit cards, defendants or their employees or agents have requested and received payment of a fee in advance of consumers obtaining a credit card when defendants have guaranteed or represented a high likelihood of success in obtaining or arranging for the acquisition of an unsecured credit card, such as a MasterCard or Visa credit card, for such consumers.

28.     Defendants have thereby violated Section 310.4(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(4).

## CONSUMER INJURY

29.     Consumers throughout the United States have suffered and continue to suffer substantial monetary loss as a result of defendants' unlawful acts and practices. In addition, defendants have been unjustly enriched as a result of their unlawful acts and practices. Absent injunctive relief by this Court, the defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

7

## THIS COURT'S POWER TO GRANT RELIEF

30.     Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b and Section

6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), empower this Court to issue a permanent

injunction against defendants' violations of the FTC Act and the Telemarketing Sales Rule, and,

in the exercise of its equitable jurisdiction, to order such ancillary relief as a preliminary

injunction, rescission, restitution, disgorgement of profits resulting from defendants' unlawful

acts or  practices, and other remedial measures.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the Federal Trade Commission, requests that this Court, as

authorized by Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of

the Telemarketing Act, 15 U.S.C. § 6105(b), and pursuant to the Court's own equitable powers:

1.     Award plaintiff such preliminary injunctive and ancillary relief as may be

necessary to avert the likelihood of consumer injury during the pendency of this action and to

preserve the possibility of effective final relief, including but not limited to, temporary and

preliminary injunctions, and an order freezing assets;

2.     Permanently enjoin defendants from violating the FTC Act and the Telemarketing

Sales Rule, as alleged herein;

3.     Award such relief as the Court finds necessary to redress injury to consumers

resulting from defendants' violations of the FTC Act and the Telemarketing Sales Rule,

including, but not limited to, rescission or reformation of contracts, restitution, refund of monies

paid, and disgorgement of ill-gotten monies; and

4.   Award plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

Dated: October 17 , 2002

                                      Respectfully Submitted,

                                      WILLIAM E. KOVACIC
                                      General Counsel

                                      KAREN D. DODGE
                                      JOHN C. HALLERUD
                                      Attorneys for Plaintiff
                                      Federal Trade Commission
                                      55 East Monroe Street, Suite 1860
                                      Chicago, Illinois 60603
                                      (312) 960-5634 (telephone)
                                      (312) 960-5600 (facsimile)

(CF 3)

UNITED STATES DISTRICT COURT JUDGE RONALD GUZMAN
NORTHERN DISTRICT OF ILLINAGISTRATE JUDGE NOLAN

## Civil Cover Sheet 02C 7456

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in
September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The
information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by
law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): Federal Trade Commission** | **Defendant(s):1492828 Ontario Inc., d/b/a First Capital Consumers Group, US Guardian United Consumers, Trans America United Benefits Group, Transglobal National Consumers Group, and First Guardian National Benefits; David Dalglish; Leslie Anderson; Lloyd Prudenza; and Mark Lennox** |

County of Residence:

Plaintiff's Atty:   Karen D. Dodge; John C.
Hallerud
Federal Trade Commission
55 E. Monroe, Ste. 1860,
Chicago, IL 60603
(312) 960-5634

County of Residence: Province of Ontario

Defendant's Atty:

FILED-ED5
02 OCT 17 AM 11: 18
CLERK
U.S. DISTRICT COURT

II. Basis of Jurisdiction:    **1. U.S. Gov't Plaintiff**

III. Citizenship of Principal
Parties (Diversity Cases Only)
           Plaintiff:-**N/A**
           Defendant:-**N/A**

DOCKETED
NOV - 4 2002

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **890 Other Statutory Actions**

VI.Cause of Action:    **15 U.S.C. Sections 45(a), 53(b) and 57b - Violations of the FTC Act and the Telemarketing Sales Rule in the telemarketing of advance fee credit cards to consumers.**

VII. Requested in Complaint
        Class Action:**No**
        Dollar Demand:**Injunctive & other equitable relief**
        Jury Demand:**No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature:   _Karen D. Dodge_

Date:   _October 17, 2002_

DOCKETED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

NOV - 4 2002

In the Matter of Federal Trade Commission v. 1492828 Ontario Inc., et al.




02C 7456

JUDGE RONALD GUZMAN

Case Number:

MAGISTRATE JUDGE NOLAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Federal Trade Commission, Plaintiff

FILED-EOS 02 OCT 17 AM 11: 19 CLERK U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE *Karen D. Dodge* | SIGNATURE |
| NAME Karen D. Dodge | NAME John C. Hallerud |
| FIRM Federal Trade Commission | FIRM Federal Trade Commission |
| STREET ADDRESS 55 E. Monroe St., Ste. 1860 | STREET ADDRESS 55 E. Monroe St., Ste. 1860 |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Chicago, IL 60603 |
| TELEPHONE NUMBER 312-960-5634 / FAX NUMBER 312-960-5600 | TELEPHONE NUMBER 312- 960-5634 / FAX NUMBER 312-960-5600 |
| E-MAIL ADDRESS kdodge@ftc.gov | E-MAIL ADDRESS jhallerud@ftc.gov |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6204125 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6194655 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |